# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JACQUELINE MILLER,

    Plaintiff,

v.                                                                         No. 1:21-cv-00555-KK

VILLAS UPTOWN, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
## ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 16, 2021 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. 3, filed June 16, 2020 ("Application").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $814.00; (ii) Plaintiff's monthly expenses total $599.00; (iii) Plaintiff has no cash and no money in bank accounts; and (iv) Plaintiff's daughter helps her by purchasing need items such as laundry soap and toilet paper. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating he is unable to pay the costs of these proceedings and because of her low monthly income.

**The Complaint**

The Complaint fails to state a claim upon which relief can be granted against Defendants "SSI/Wells Fargo" and Villas Uptown. Complaint at 2 (Plaintiff, who is disabled, appears to refer to the Social Security Administration when she states "SSI"). Plaintiff alleges that she "went every single to window & pretty much at SSI and was told 2% 100% you will not get more than you have" and "went to Wells Fargo and was told ... we won't steal your money." Complaint at 2-3. Plaintiff also alleges "SSI taking my money and job titles so I got nothing much," and "Wells Fargo stealing my SSI." Complaint at 7. Regarding Villas Uptown, the Complaint alleges that "I paid my rent every month," "A judge from Metro Court dismissed the Villas from throwing out. But when I wrote that I have no air-conditioner he did not respond," "Villas Uptown money warrantud

2

for being hurt their and no air condioniong refuse to give me one," and "Villas Uptown because I got raped burgaled 3 time ran over by a car." [sic] Complaint at 2-3, 6. The Complaint does not allege sufficient facts showing that Defendants "SSI," Wells Fargo, or Villas Uptown violated Plaintiff's legal rights, or that she is entitled to any relief that this Court could grant. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

The Complaint fails to state a claim against, "Judge Jason Jaramillo," "a judge from Metro court" and "District Court" because they are immune from suit. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727-8 (10th Cir. 2008) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction;" "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process.")

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against the unnamed police officers. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff states she has been "stabbed" and "raped" and that the "Police came to my door and took

3

a statement ... and I have never heard back." Complaint at 4. The Complaint does not allege sufficient facts to show that any police officer violated Plaintiff's rights.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court reminds Plaintiff that her amended complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief may be granted. The Court will order service if Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. 3, filed June 16, 2020, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_/s/ Kirtan Khalsa_
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**